# 1:22-CV-3184

Civil Action No: ___ ~~FILED IN CLERK'S OFFICE~~

U.S.D.C. - Atlanta

AUG 11 2022

KEVIN P. WEIMER, Clerk

By: _Paul Thomas_ Deputy Clerk

## IN THE UNITED DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

## JURY DEMAND

**Marvin Gayle** (Plaintiff)

    V.

**Bill Holt Automotive, INC.**

**Bill Holt Mitsubishi, INC**

**Mitsubishi Motors North America, INC.**

**Defendants Doe (1 to infinity)**

(Defendants)

Complaints as to:

1. Negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq).

2. Willful violations of the Telephone consumer protection ACT 47 U.S.C. § 227 et seq).

3. Violation of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059

4. Violation of Georgia's Fair Business Practices Act. O.C.G.A. Sections 10-1-390 et seq.

5. Violations of Florida Do Not Call Act

6. Violations of Florida Telemarketing Act.

## THE PARTIES

*Marvin Gayle*: ("Plaintiff"), is a natural person residing in Broward County, of the state of Florida and is a "person" as defined by 47 U.S.C. § 153. *Defendant Bill Holt Automotive, INC.* is a company and is a "person" as defined by 47 U.S.C. § 153 (10). Defendant *Bill Holt Mitsubishi, INC.* is a company and is a "person" as defined by 47 U.S.C. § 153 (10). Defendant *Mitsubishi Motors North America, INC.* is a company and is a "person" as defined by 47 U.S.C. § 153 (10). The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."

The true names and capacities of the Defendants sued herein as *DOE DEFENDANTS* 1 through INFINITY (AS THE CASE MAY BE), inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants if/when such identities become known.

Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other defendants.

## JURISDICTION & VENUE

1. Private Right of action as per Telephone Consumer Protection ACT, 47 U.S.C. §227.
2. Right of private action per the FCCPA (§ 501.059), which is found at Sections 559.55-559.785 of the Florida Statutes.
3. Private right of action as to (1) *Georgia's Fair Business Practices Act.* O.C.G.A. Sections 10-1-390 et seq & (2) *Florida Do Not Call Act* & (3) *Florida Telemarketing Act.*
4. Plaintiff is a resident of Florida. Plaintiff is informed and believes that defendants were committing such violations from the state of Georgia; where defendants conduct regular business operations. Further, plaintiff believes access to persons and evidence---- necessary for the fair adjudication of this matter, is located within the jurisdiction of the defendants business location— which is Northern Georgia. As such, this jurisdiction and

venue is appropriate since "*a substantial part of the events or omissions giving rise to the claim occurred*" as a result of the defendants regular mode of business operations; such operations happen out of North Georgia.  (see 28 U.S. Code § 1391 (b)(2) also see 28 U.S. Code § 1391 (c)(2)).

## STATUTE OF LIMITATIONS

1. A 2016 judgment in the US Appeals Court for the Eleventh Circuit, which oversees courts in Florida, Georgia and Alabama, held unequivocally that all cases filed under the Telephone Consumer Protection Act should be controlled by a four-year statute of limitations. No allegations contained herein falls outside of such statute of limitations.

2. The TCPA does not specify a statute of limitations. Accordingly, courts have applied the four-year federal "catch all" statute of limitations period set forth in the United States Code. See e.g., Giovanniello v. ALM Media, 726 F.3d 106 (2ND Cir. Aug. 8, 2013). The federal "catch all" statute of limitations codified at 28 U.S.C. Section 1658(a) provides that "except as otherwise provided by law, a civil action under an Act of Congress enacted after the date of enactment of this section may not be commenced later than four years after the cause of action accrues."

3. With respect to Florida's consumer collection practices Act. There is a 2 year statute of limitations for bringing FCCPA violation claims. §559.77(4). Plaintiff informs and intends to show that the dates of alleged violations of the FDCPA are within the prescribed 2 year statute of limitations.

## Plaintiff is Proceeding Pro Se

Plaintiff carefully considered the challenges associated with proceeding pro se. The considerations included an assessment of the venue and jurisdiction that this matter will be adjudicated in. Plaintiff has considered the occasional need for travel. Plaintiff is aware that some federal courts provide e-file opportunities for pro se litigants. Plaintiff intends to petition the court for e-filing opportunities, but does not intend to ask the court for any unusual accommodations.

## FACTUAL ALLEGATIONS

1. Within the last four years, from the date of filing this action, Defendants contacted Plaintiff on his cellular phone (with redacted number XXX-X2X-7387). The calls/texts were made in an effort to sell cars/services to the plaintiff. Such contacts commenced on or around December 9, 2020 and are deemed to be illegal.

2. Such cell number referenced in item 1 above, has been on the national Do Not Call Registry prior to the start of these illegal communications.

3. Defendants used an "automatic telephone dialing system", as defined by **47 U.S.C. § 227(a)(1)** to place messages to Plaintiff seeking to sell or solicit.

4. Defendants used an "automatic telephone dialing system", as defined by Florida's Telephone Solicitation Act, **Fla. Stat. § 501.059**) to place messages to Plaintiff, seeking to sell or solicit. [Please note: the definition of an automatic dialing system as referenced in this paragraph (Florida TSA Act), is not the same as 47 USC (TCPA). Such difference between these two statutes is of significant technical and legal importance in this matter].

5. In connection with enacting the TCPA, Congress authorized the FCC to implement rules and regulations enforcing the statute (47 U.S.C. § 227(b), (c)). Under its rulemaking authority, the FCC has set forth specific compliance obligations that form the basis for most TCPA litigation (see 47 C.F.R. § 64.1200).

6. Defendants did not have plaintiff's Express written consent for calls or texts that were made for marketing or sales purpose as required by (47 C.F.R. § 64.1200(a)(2)). Nor did they have such consent (as also required) by/under the enjoined Florida statutes, enumerated on page 1 of this complaint (items 3,5,6).

7. Making telemarketing calls to residential consumers like Gayle (plaintiff), who list their numbers on the National Do-Not-Call Registry (NDNCR) is a violation of the TCPA and each of the accompanying Florida statues as enumerated on page 1 of this complaint (items 3,5,6).

8. 47 C.F.R. § 64.1200 states that "the term "**call**" includes a text message, including a short message service (SMS) call". Therefore the plaintiff may use the word "call" in place of "text" and vice-versa, without changing the legal or technical significance of the circumstances complained about. Each text message that was sent by the defendant(s) was a "call" within the meaning of the TCPA and 47 C.F.R. § 64.1200 (the same

definition of a "call" applies to each of the Florida statutes (items 3,5,6) listed on page 1. Such Florida statutes were specifically written to closely channel the TCPA.

9. The texts/calls in questions tolled the plaintiff's plan limits, as per 47 C.F.R. § 64.1200. Said calls were not for emergency purposes or any excusable purposes as prescribed by the TCPA or any of the accompanying Florida statutes.

10. Prior to filing this action. Defendants were contacted via writing; through their registered agents. Plaintiff offered defendants an opportunity to resolve the grievances discussed herein. Defendants did not respond to plaintiff.

11. Plaintiff has a cellular telephone. Phone number XXX-X2X-7387 is linked to such cell phone since 2008. When phone number XXX-X2X-7387 is dialed by anyone, plaintiff's cellular telephone will ring. In the case of text messages, the plaintiffs phone will "ping" to alert him of incoming text messages. Plaintiff uses his telephone for his personal affairs. If the plaintiff's mother wants to speak with him, she would dial this number. If this court, or opposing counsel wants to speak with the plaintiff, dialing XXX-X2X-7387 would either lead to the plaintiff's voicemail, or the plaintiff would directly answer. This phone number is not a "burner number", nor was it obtained for the purpose of soliciting or attracting errant calls.

12. Plaintiff prioritizes answering or checking any incoming message that his phone alerts him to because of the numerous family members, friends and businesses that may want to contact him at any moment.

13. Plaintiff experiences significant annoyance if and when it turns out that his phone alerted him to one of the defendant's telemarking solicitations—as opposed to one of the plaintiff's genuine contacts.

14. Plaintiff was constrained to file this case to get the harassing telephone communication to stop. Plaintiff seeks statutory damages for plaintiff's willful/negligent violations of the TCPA and punitive damages for invasion of privacy under Florida Law, and other restitutions under other applicable laws, or as the court sees fit.

15. Defendant violated the provisions of Georgia's Fair Business Practices Act. O.C.G.A. Sections 10-1-390 et seq when they placed these calls/text from the state of Georgia.

16. As of the date of this filing, the most recent text message sent by defendant was on July 29, 2022. This was several weeks after offering the defendant an opportunity to resolve this matter outside of court. The content of such text message, which is a "call" per the TCPA, is as follows: "Bill Holt Summer Service Special made just for you! tap here to experience https://plgo.me/lpAqga".

17. The plaintiff tapped the link provided in the text message. When the plaintiff "tapped" as instructed, a video advertisement began playing. The plaintiff took a screenshot of a section of the video, such screenshot is pictured to the right of this paragraph. "Kyle", a member of the defendant's staff could be seen and heard soliciting the plaintiff's interest in purchasing a car from the defendant.



18. It is unclear if the provided link still works; however, defendant was instructed to preserve all evidence, several weeks prior to the receipt of this particular text message.

19. Plaintiff doesn't have any existing business or personal relationship with defendants.

## FIRST CAUSE OF ACTION

### *Negligent violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.*

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the referenced provisions of 47 U.S.C. § 227 et seq.

3. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

4. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### *Willful/Knowing violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.*

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

3. As a result of Defendants' willful/knowing violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) & 47 U.S.C. § 227(b)(3)(C).

4. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### *Negligent Violations of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059*

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.

3. As a result of Defendants' negligent violations of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq.

4. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### *Knowing/Willful Violations of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059*

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.

3. As a result of Defendants' willful violations of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq.

4. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### Violation of Georgia's Fair Business Practices Act. O.C.G.A. Sections 10-1-390 et seq.

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful/negligent violations of Georgia's Fair Business Practices Act. O.C.G.A. Sections 10-1-390 et seq,; including but not limited to each and every one of the provisions of such law.

3. As a result of Defendants' violation of Georgia's Fair Business Practices Act. O.C.G.A. Sections 10-1-390 et seq Plaintiff is entitled to recover an amount that the court finds just and proper. To include but not limited to actual damages, punitive damages, exemplary damages.

4. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SIXTH CAUSE OF ACTION

### *Right of Private Action under Florida Telemarketing Act for negligent violations.*

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. The Florida Telemarketing Act requires non-exempt businesses that engage in the sale of consumer goods or services by telephone to be licensed by the Florida Department of Agriculture and Consumer Services (FDACS). The law also requires the salespeople for these businesses to be licensed.

3. Doing business in Florida, as per the Florida Telemarketing Act; includes both telephone solicitation from a location in Florida and solicitation from other states or nations of purchasers located in Florida.

4. Previously, only Florida government entities could sue for violations of Section 501.059. For a violation of any of the telemarketing rules in Florida Statute Section 501.059; consumers can now sue to enjoin the violation and recover actual damages or $500, whichever amount is greater.

5. Defendants negligently violated this law because express written consent was needed to place the aggrieved communication to the plaintiff's cell phone. Defendants did not have express written consent.

6. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of this statute.

## SEVENTH CAUSE OF ACTION

### *Right of Private Action under Florida Telemarketing Act for willful violations.*

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. The Florida Telemarketing Act requires non-exempt businesses that engage in the sale of consumer goods or services by telephone to be licensed by the Florida Department of Agriculture and Consumer Services (FDACS). The law also requires the salespeople for these businesses to be licensed.

3. Doing business in Florida includes both telephone solicitation from a location in Florida and solicitation from other states or nations of purchasers located in Florida.

4. Previously, only Florida government entities could sue for violations of Section 501.059. For a violation of any of the telemarketing rules in Florida Statute Section 501.059, consumers can now sue to enjoin the violation and recover actual damages or $500, whichever amount is greater.

5. Defendants willfully violated this law because express written consent was needed to place the aggrieved communication to the plaintiff's cell phone. Defendants did not have express written consent. According to the applicable law "if the court finds that the defendant willfully or knowingly violated this section, or rules adopted pursuant to this section, the court may, in its discretion, increase the amount of award to…..three times the amount available in under paragraph (a)". That would result in $1,500 per violation if trebled.

6. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of this statute.

## EIGHTH CAUSE OF ACTION

### *Right of Private Action under Florida Do Not Call Act for negligent violations*

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. Florida Do Not Call Act enables Gayle and similarly situated plaintiffs to recover actual damages or $500.

3. The law required defendants to have first obtained "prior express written consent from the plaintiff. "Such consent was required before defendants sent the aggrieved text message communications to the plaintiff; because the defendants used an "automated system for the selection **or** dialing of telephone numbers".

4. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of this statute.

## NINTH CAUSE OF ACTION

### *Right of Private Action under Florida Do Not Call Act for willful violations*

1. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above under the section entitled "Factual allegations".

2. Florida Do Not Call enables Gayle and similarly situated plaintiffs to recover actual damages or up to $1,500; if the court determines that the acts/omissions were willful.

3. The law required defendants to have first obtained "prior express written consent from the plaintiff. "Such consent was required before defendants sent the aggrieved text message communications to the plaintiff; because the defendants used an "automated system for the selection **or** dialing of telephone numbers".

4. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of this statute.

## PRAYERS FOR RELIEF

### 1st Cause of action:

Negligent violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq. The statute prescribes for $500 per negligent violation. 47 U.S.C. 227(b)(3)(B).

A. At this time, plaintiff is aware of 11 instances of negligent violations relating to defendants violation of the Do Not Call Registry. At $500 per call/text, this amounts to **$5,500** in total. Plaintiff intends to ask court for leave, to amend; once the true and final tally of violations becomes known.

B. At this time, plaintiff is aware of 11 instances of negligent violations relating to the placement of calls without the express written consent of the plaintiff (see 47 U.S.C. § 227(b)(1)(A).). This is a separate type of violation from the DNC violations. This amounts to **$5,500** in total when calculated at $500 per call/text. Plaintiff intends to ask court for leave, to amend; once the true and final tally of violations becomes known.

Grand Total: **$11,000**

## 2nd Cause of action:

Knowing/Willful violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.

The statute prescribes for $500 per negligent violation. 47 U.S.C. 227(b)(3)(B).

A. At this time, plaintiff is aware of 11 instances of willful violations relating to defendants violation of the Do Not Call Registry. This amounts to **$16,500** in total when calculated at $1500 per call/text. Plaintiff intends to ask court for leave, to amend; once the true and final tally of violations becomes known.

B. At this time, plaintiff is aware of 11 instances of negligent violations relating to the placement of calls without the express written consent of the plaintiff (see 47 U.S.C. § 227(b)(1)(A).). This is a separate type of violation from the DNC violations. This amounts to **$16,500** in total when calculated at $1500 per call/text. Plaintiff intends to ask court for leave, to amend; once the true and final tally of violations becomes known.

Grand Total: **$33,000**.

## 3rd Cause of action

Defendants' negligent violations of Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq.

A. At this time, plaintiff is aware of 11 instances of negligent violations relating to defendants violation of the Do Not Call Registry as prohibited by Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq. This amounts to **$5,500** in total when calculated at $500 per call/text. Plaintiff intends to ask court for leave, to amend; once the true and final tally of violations becomes known.

B. At this time, plaintiff is aware of 11 instances of negligent violations relating to the placement of calls without the express written consent of the plaintiff as prohibited by Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq. This is a separate type of violation from the DNC violations. This amounts to **$5,500** in total when calculated at $500 per call/text. Plaintiff intends to ask court for leave, to amend; once the true and final tally of violations becomes known.

Grand Total: **$11,000**

## 4th Cause of action

Defendants' Willful violations of Florida's Telephone Solicitation Act, Fla. Stat. §
501.059.et seq., Plaintiff is entitled an award of $1500.00 in statutory damages, for
each and every violation, pursuant to Florida's Telephone Solicitation Act, Fla. Stat. §
501.059.et seq.

A. At this time, plaintiff is aware of 11 instances of willful violations relating to
defendants violation of the Do Not Call Registry as prohibited by Florida's Telephone
Solicitation Act, Fla. Stat. § 501.059.et seq. This amounts to **$16,500** in total when
calculated at $1500 per call/text. Plaintiff intends to ask court for leave, to amend;
once the true and final tally of violations becomes known.

B. At this time, plaintiff is aware of 11 instances of willful violations relating to the
placement of calls without the express written consent of the plaintiff as prohibited
by Florida's Telephone Solicitation Act, Fla. Stat. § 501.059.et seq. This amounts to
**$16,500** in total when calculated at $1500 per call/text. Plaintiff intends to ask court
for leave, to amend; once the true and final tally of violations becomes known.

Grand Total: **$33,000**.

## 5th Cause of action

Plaintiff asks for injunctive relief in the form of cessation of calls. Punitive damages in
the amount of **$15,000**.

## 6th Cause of action

The Florida Telemarketing Act affords the plaintiff the opportunity to collect actual
damages for negligent violations described herein or $500 as a statutory award,
regardless of actual damage. Plaintiff is asking the court for **$500**.

### 7th Cause of action

The Florida Telemarketing Act affords the plaintiff the opportunity to collect actual damages for willful violations described herein or $1,500 as a statutory award, regardless of actual damage. Plaintiff is asking the court for **$1,500** for willful violations.

> *According to The Florida Telemarketing Act "if the court finds that the defendant willfully or knowingly violated this section, or rules adopted pursuant to this section, the court may, in its discretion, increase the amount of award to…..three times the amount available in under paragraph (a)".*

### 8th Cause of action

Negligent violations of Florida's Do Not Call Act enables plaintiffs to recover actual damages or $500. Plaintiff is asking the court for $500.

### 9th Cause of action

Willful/knowing violations of Florida's Do Not Call Act enables plaintiffs to recover actual damages or $1,500. Plaintiff is asking the court for $1,500.

Marvin Gayle,
(Plaintiff)
_____
515 NW 14th Avenue. Unit B201.
Fort Lauderdale. Florida. 33311